1:00-CR-23-03

## U.S. DISTRICT COURT

## MIDDLE DISTRICT OF PENNSYLVANIA

-----

FILED
HARRISBURG. PA

MAY 1 8 2008

MARY E. [illegible] ANDREA, CLERK
Per _____
Deputy Clerk

PETITION PURSUANT TO 28 USC 2255

TO VACATE, SET ASIDE, OR CORRECT

SENTENCE OF PRISONER IN FEDERAL CUSTODY

-----

CASE NO. _____

For petitioner:        Bernard Livingston, Pro Se
                       09997-067
                       FCC Beaumont Medium
                       PO Box 26040
                       Beaumont, TX 77720

For Respondent:        U.S. Attorney's office
                       Middle District of Pennsylvania
                       Suite 220, federal building
                       228 Walnut Street
                       Harrisburg, PA 17108-1754

-----

U.S. District Court
Middle DIstrict of Pennsylvania
PO Box 983
Harrisburg, PA 17108

Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Middle Pennsylvania | |
|---|---|---|
| Name (under which you were convicted): Bernard Livingston | Docket or Case No.: | |
| Place of Confinement: FCC Beaumont Medium PO Box 26040    Beaumont, TX 77720 | Prisoner No.: 09997-067 | |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. | Bernard Livingston | |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: ____

   U.S. District Court, Middle District of Pennsylvania

   PO Box 983

   Harrisburg, PA 17108-0893

   (b) Criminal docket or case number (if you know): CR-00-0023-002

2. (a) Date of the judgment of conviction (if you know): _____

   (b) Date of sentencing: Jan 3, 2004 (See appx A)

3. Length of sentence: 151 months

4. Nature of crime (all counts): _____

   ct 4: conspiracy to distribute and possess with intent to manufacture and distribute 50 grams or more of crack cocaine

5. (a) What was your plea? (Check one)

   (1)  Not guilty ☐        (2)  Guilty ■        (3)  Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

   not applicable

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒

8.  Did you appeal from the judgment of conviction?    Yes ☐    No ☒

9.  If you did appeal, answer the following:

    (a) Name of court: _____

    (b) Docket or case number (if you know): _____

    (c) Result: _____

    (d) Date of result (if you know): _____

    (e) Citation to the case (if you know): _____

    (f) Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒

        If "Yes," answer the following:

        (1) Docket or case number (if you know): _____

        (2) Result: _____

        _____

        (3) Date of result (if you know): _____

        (4) Citation to the case (if you know): _____

        (5) Grounds raised: _____

        _____

        _____

        _____

        _____

        _____

        _____

10. Other than the direct appeals listed above, have you previously filed any other motions,

    petitions, or applications concerning this judgment of conviction in any court?

        Yes ☐    No ☒

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑   No ❑

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:       Yes ❑   No ❑

(2)  Second petition:     Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: Specific new Guideline amendments are retroactive and are
applicable to this case and this proceeding

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____see enclosed memorandum_____

_____argument 1_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏   No ❏

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏  No ❏

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

_____


**GROUND TWO:** Misc. court opinions have bee passed and are applicable to this case and to this proceeding _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

see enclosed memorandum

_____

argument 2

_____

_____

_____

_____

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** <u>Petitioner is requesting a downward departure in sentence for post sentencing rehabilitation</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

see enclosed memorandum

_____

argument 3

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐   No ☐

   (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐   No ☐

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed: _____

_____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

**GROUND FOUR:** _____

_____

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑  No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c)  **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

___This is the first post conviction petition_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ☐    No ■

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: ___Jerry A. Philpott_____

(b) At arraignment and plea: ___Philpott_____

(c) At trial: ___n/a_____

(d) At sentencing: ___Philpott_____

(e) On appeal:    n/a

(f) In any post-conviction proceeding:    n/a

(g) On appeal from any ruling against you in a post-conviction proceeding:  n/a

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ❑ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ❑ No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ❑  No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

_____

_____

   Petition is within 1 year after new rules, decisions, or laws have passed

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: ___vacate sentence and__
___impose new sentence as outlined in enclosed memorandum___ _____

_____

or any other relief to which movant may be entitled.

not applicable

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 3-11-0-8
_____ (month, date, year).

Executed (signed) on 3-11-08 _____ (date).

*Ubernard*

**Signature of Movant**

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion. _____

_____

_____

### IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]

* * * * *

AO 245 B (Rev. 8/96) Sheet 1 - Judgment in

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

VS.

Livingston Bernard a/k/a Jamaican Chris

**JUDGMENT IN A CRIMINAL CASE**

(For Offense Committed on or after November 1, 1987)

CASE NUMBER: CR-00-00023-003

**FILED**
**HARRISBURG, PA**

Jerry A. Philpott, Esquire
Defendant's Attorney

JAN 3 2001

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

THE DEFENDANT:

[x] pleaded guilty to count(s) _____4_____

[ ] pleaded nolo contendere to count(s)_____
  which (was)(were) accepted by the court.

[ ] was found guilty on count(s)_____ after a plea of not guilty.

| Title/Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:846 | Conspiracy to distribute and possess with intent to manufacture and distribute 50 grams or more of crack cocaine | 12/01/1999 | 4 |

   The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s)_____

[x] Count(s) _____3_____ (is) dismissed on the motion of the United States.

   IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence or, mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: None
Defendant's Date of Birth: 09/12/1974
Defendant's USM NO.: 09997-067

Defendant's Mailing Address:
Dauphin County Prison
501 Mall Road
Harrisburg, PA 17111

Defendant's Residence Address:
Dauphin County Prison
501 Mall Road
Harrisburg, PA 17111

January 3, 2001
Date of Imposition of Sentence

**RECEIVED**
JAN 0 9 2001
COMMUNITY CORRECTIONS
BOP PHILADELPHIA, PA

William W. Caldwell
United States District Judge

1/3/01
Date

Certified from the record
Date 1/3/01
Mary E. D'Andrea, Clerk
Per _____
Deputy Clerk

★U.S.GPO:1990-722-448/10286

AO 245 B (Rev. 8/96) Sheet 2 - Imprisonm

Defendant:    **Livingston Bernard a/k/a Jamaican Chris**                    Judgment-Page 2 of 6
Case Number:  CR-00-00023-003

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **One Hundred Fifty-One (151) months.**

[ ] The court makes the following recommendations to the Bureau of Prisons:

[x] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district.

    [ ] at _____ a.m./p.m. on _____.
    [ ] as notified by the U.S. Marshal.
[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
    [ ] before 2 p.m. on _____.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the probation office.
    [ ] The defendant is to contact the United States Marshal's Office no later than three days prior to the above date to be notified of the place
        of confinement.

### RETURN

I have executed this judgment as follows:

Defendant delivered on _AUGUST 14, 2001_ to _FSL LA TUNA_ at

_El Paso, TX._                    , with a certified copy of this judgment.

_TROY WILLIAMSON_
United States Marshal _WARDEN_

_____
Deputy Marshal

AO 245 B (Rev. 8/96) Sheet 5, Part      Penalties

Defendant:     Livingston Bernard a/k/a Jamaican Chris            Judgment-Page _5_ of _6_
Case Number:   CR-00-00023-003

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) costs of prosecution; (5) interest; (6) penalties.

Payments of the total fine and other criminal monetary penalties shall be due as follows:

A [x] in full immediately; or
B [ ] $_____ immediately, balance due (in accordance with C, D, or E); or
C [ ] not later than_____from the entry of Judgment, or
D [ ] in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or
E [ ] in _____(e.g. equal, weekly, monthly, quarterly) installments of $_____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

The special assessment is due immediately and shall be paid to the Clerk, U.S. District Court at P.O. Box 983, Harrisburg, PA 17108.

[ ] Joint and Several

[ ] The defendant shall pay the cost of prosecution in the amount of

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

     Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the Clerk, United States District Court, Middle District of Pennsylvania, 235 North Washington Ave. and Linden Street, Room 423, Post Office Box 1148, Scranton, Pa. 18501, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

AO 245 B (Rev 8/96) Sheet 6 - State       .sons

Defendant:    Livingston Bernard a/k/a Jamaican Chris                 Judgment-Page _6_ of _6_
Case Number: CR-00-00023-003

## STATEMENT OF REASONS

[ ] The court adopts the factual findings and guideline application in the presentence report.

### OR

[x] The court adopts the factual findings and guideline application in the presentence report except
   (see attachment, if necessary): The Court adopts the findings of the Presentence Report, except the Court finds the defendant
has accepted responsibility.

Guideline Range Determined by the Court

   Total Offense Level:___33_____

   Criminal History Category:___II____

   Imprisonment Range: _151_ to _188___ months

   Supervised Release Range: _5__ years.

   Fine Range: $ _17,500_ to $ _4,000,000_

       [x] Fine is waived or below the guideline range, because of the defendant's inability to pay.

   Total Amount of Restitution: $_N/A_____

       [ ] Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning
of the restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. 3663(d).

       [ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be
stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of
the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some
portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

       [ ] Partial restitution is ordered for the following reason(s):

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reasons to depart from the
sentence called for by application of the guidelines.

### OR

[x] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):
A sentence at the low end of the guideline range would appear to satisfy the sentencing objectives of punishment and
deterrence.

### OR

[ ] The sentence departs from the guideline range

   [ ] upon motion of the government, as a result of defendant's substantial assistance.

   [ ] for the following reasons(s):

```
  BMMD5   540*23  *           SENTENCE MONITORING        *    01-09-2008
PAGE 002            *           COMPUTATION DATA          *    17:23:13
                                 AS OF 01-09-2008

REGNO..: 09997-067 NAME: BERNARD, LIVINGSTON


------------------------------CURRENT COMPUTATION NO: 010 -----------------------

COMPUTATION 010 WAS LAST UPDATED ON 08-01-2006 AT LAT AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN.........: 01-03-2001
TOTAL TERM IN EFFECT...........:   151 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    12 YEARS        7 MONTHS
EARLIEST DATE OF OFFENSE........: 12-01-1999

JAIL CREDIT.....................:   FROM DATE       THRU DATE
                                  01-20-2000      01-02-2001

TOTAL PRIOR CREDIT TIME.........: 349
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 568
TOTAL GCT EARNED................: 351
STATUTORY RELEASE DATE PROJECTED: 01-28-2011
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 08-18-2012


PROJECTED SATISFACTION DATE.....: 01-28-2011
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: RELEASED FROM DAUPHIN COUNTY CHARGES ON 01-19-2000 TIME SERVED
                TURNED OVER TO U.S.MARSHAL CUSTODY ON 01-19-2000.
                CORRECTED OFF./CHG. COMP. RECOMPUTED 11-02-2001.




  G0002      MORE PAGES TO FOLLOW . . .
```

```
  BMMD5  540*23 *              SENTENCE MONITORING           *   01-09-2008
PAGE 003 OF 003 *             COMPUTATION DATA               *   17:23:13
                              AS OF 01-09-2008

REGNO..: 09997-067 NAME: BERNARD, LIVINGSTON


----------------------------- CURRENT DETAINERS: -----------------------------

DETAINER NO..: 001
DATE LODGED..: 08-17-2001
AGENCY.......: IMMIGRATION & NATURALIZATION
AUTHORITY....: U.S.I.N.S.1600 CALLOWHILL ST. PHILADELPHIA,PA 19130
CHARGES......: DEPORTATION  A#78492551
```

```
  G0000          TRANSACTION SUCCESSFULLY COMPLETED
```

```
BMMD5            *        INMATE EDUCATION DATA        *    01-09-2008
PAGE 001 OF 001 *              TRANSCRIPT              *    17:27:29

REGISTER NO: 09997-067      NAME..: BERNARD              FUNC: PRI
FORMAT.....: TRANSCRIPT      RSP OF: BMM-BEAUMONT MED FCI

------------------------- EDUCATION INFORMATION -------------------------
FACL ASSIGNMENT DESCRIPTION                START DATE/TIME STOP DATE/TIME
BMM  ESL HAS    ENGLISH PROFICIENT         08-28-2001 0001 CURRENT
BMM  GED SAT    GED PROGRESS SATISFACTORY  12-27-2004 1754 CURRENT
BMM  GED XN     EXEMPT GED NON-PROMOTABLE  08-28-2001 1329 CURRENT

------------------------- EDUCATION COURSES -------------------------
SUB-FACL    DESCRIPTION                    START DATE  STOP DATE  EVNT AC LV  HRS
LAT         ENG GED,9:30-11:30, KMETZ, M-F 02-21-2006 08-28-2006  P  W  I  345
LAT         BASIC SPANISH, MON 630-830PM   03-13-2006 05-22-2006  P  C  P   24
LAT         DIABETIC NUTRITION & HEALTH    02-27-2006 02-27-2006  P  C  P    6
LAT         CREATIVE WRITING, T 630-830PM  12-06-2005 02-21-2006  P  C  P   24
LAT         ENG GED, 1:30-3:30, KMETZ, M-F 06-29-2005 02-21-2006  C  W  I    0
LAT FSL     GED CLASS M-F 12:00 - 1:30 PM  06-08-2005 08-19-2005  P  W  I  457
LAT FSL     GED M-F 12:00-1:30 PM          02-25-2005 06-08-2005  C  W  I    0
LAT FSL     GED M-F 12:00-1:30 PM          09-29-2004 02-07-2005  P  W  I  283
LAT FSL     GED M-F 1:30-3:30 PM           03-08-2004 09-29-2004  C  W  I    0
LAT FSL     RPP-PERSONAL/GROWTH DEVELOP    10-27-2002 10-27-2002  P  C  P    4
LAT FSL     GUITAR INST. TUS-THU 6-8 PM    09-09-2003 12-12-2003  P  C  P   24
LAT FSL     PRE-GED M-F 12:30-2:00 PM      07-28-2003 10-15-2003  P  W  I   75
LAT FSL     EDUCATION DISTANCE PARENTING   11-01-2002 12-14-2002  P  C  P   36
LAT FSL     ANGER MANAGEMENT               10-27-2002 10-27-2002  P  C  P    4
LAT FSL     BASIC COMPUTER SKILLS          03-19-2002 05-10-2002  P  C  P   16

------------------------- HIGH TEST SCORES -------------------------
TEST        SUBTEST         SCORE    TEST DATE     TEST FACL   FORM    STATE
ABLE        LANGUAGE        3.9      09-20-2001    LAT
            NUMBER OPR      4.7      09-20-2001    LAT
            PROB SOLV       6.4      09-20-2001    LAT
            READ COMP       5.5      11-08-2002    LAT
            SPELLING        4.1      11-08-2002    LAT
            VOCABULARY      4.7      11-08-2002    LAT
GED PRAC    AVERAGE         378.0    07-14-2005    LAT         FAIL
            LIT/ARTS        380.0    03-17-2006    LAT         PB
            MATH            360.0    03-17-2006    LAT         PB
            SCIENCE         430.0    07-14-2005    LAT         PC
            SOC STUDY       440.0    06-07-2006    LAT         PA
            WRITING         400.0    03-17-2006    LAT         PB



G0000    TRANSACTION SUCCESSFULLY COMPLETED
```

BMMAU   606.00 *      MALE CUSTODY CLASSIFICATION FORM      *      01-21-2008
PAGE 001 OF 001                                                     14:30:40

(A)  IDENTIFYING DATA

REG NO..: 09997-067              FORM DATE: 08-28-2007           ORG: BMM
NAME....: BERNARD, LIVINGSTON
                                     MGTV: NONE
PUB SFTY: ALIEN                      MVED:
                              (B)  BASE SCORING
DETAINER: (0) NONE                 SEVERITY.......: (3) MODERATE
MOS REL.: 41                       CRIM HIST SCORE: (02) 2 POINTS
ESCAPES.: (0) NONE                 VIOLENCE.......: (5) < 5 YRS MINOR
VOL SURR: (0) N/A                  AGE CATEGORY...: (4) 25 THROUGH 35
EDUC LEV: (1) ENRLD + SAT IN GED   DRUG/ALC ABUSE.: (1) <5 YEARS
                              (C)  CUSTODY SCORING
TIME SERVED.....: (4) 26-75%       PROG PARTICIPAT: (1) AVERAGE
LIVING SKILLS...: (2) GOOD         TYPE DISCIP RPT: (2A) 1 HIGH
FREQ DISCIP RPT.: (2) 1            FAMILY/COMMUN..: (3) MINIMAL


                    --- LEVEL AND CUSTODY SUMMARY ---
BASE CUST VARIANCE   SEC TOTAL   SCORED LEV MGMT SEC LEVEL   CUSTODY   CONSIDER
+16  +14    +1         +17        MEDIUM       N/A              IN      INCREASE


G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRE

## Summary of the Case

Petitioner was indicted by a grand jury doe rhw Middle District of Pennsylvania in 2000 (case # CR-00-23-003) via a multi count indictment.

Petitioner pled guilty to count 4, being for conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 USC 846 (See Appendix A).

Counsel did not file a requested appeal.

Petitioner did not pursue a petition pursuant to 28 USC 2255 within the 1 year after the judgment became final, because he was advised that such would not prevail.

This is the first post conviction petition field by petitioner after the judgmetn becase final.

THis petition is within 1 year after new rules of law became effective (See Arguments 1 and 2), and is thus timely under the A.E.D.P.A.

ii.

## Table of Contents

Summary of the CAse                          i

Table of Contents                            ii

Table of Authorities                         iii,iv

Statement of Jurisdiction                    v

Statement of the Issues                      vi


Statement of the Facts                       01

Summary of the Argument                      02

Standards of Review                          03


Argument                                     04-14


Conclusions, relief requested                15

Certificate of Service                       16

## Appendices

A.          Judgment and Commitment

B.          FBOP record of rehabilitation

iii.

## Table of Authorities

Cunningham v. California (2007)                              03,07,10
549 US ___, 127 S.Ct. ___, 166 L.Ed.2d 856


Davis v. U.S. (1974)                                        03,06
417 US 373, 94 S.Ct. 2298, 41 1.Ed.2d 109


Dodd v. U.S. (2005)                                         03,06
545 US 353, 162 1.Ed.2d 343, 105 S.Ct. 2478


Gall v. U.S. (2007)                                         03,07
552 US ___, 128 S.Ct. ___, 169 L.Ed.2d 445


Kimbrough v. U.S. (2007)                                    03,07,08,09
552 US ___, 128 S.Ct. ___, 169 L.Ed.2d 481


Rita v. U.S. (2007)                                         03,07,10
551 US ___, 127 S.Ct. 2456, 168 1.Ed.2d 203


U.S. v. Booker (2005)                                       08
543 US 220, 160 L.Ed.2d 621, 125 S.Ct. 738

U.S. v. Core (2nd Cir. 1997)                                03,11,12
125 F.3d 74


U.S. v. Haran (8th Cir. 2001)                               11,13
245 F.3d 682


U.S. v. Ngatia (7th Cir. 2007)                             03,11,12
477 F.3d 496


U.S. v. Pickering (11th Cir. 1999)                         11,14
178 F.3d 1168

iv.

## Table of Authorities (II)

18 USC 3553(a)                              07,08

18 USC 3582(c)(2)                           04,13

21 USC 846                                  i

28 USC 2255                                 i,v,vi,
                                            02,11,12


A.E.D.P.A.                                  i


USSG § 5K2.0                                11,13


USSG Amendment 706, as amended by 711       03,04


5 Am.Jur.2d, appelalte review, § 822        03,06

v.

## Statement of Jurisdiction

Petitioner was indicted, convicted and sentenced in the U.S. District Court for the Middle District of Pennsylvania.

Petitioner filed this petition pursuant to 28 USC 2255 in the aforementioned district court.

This Court has jurisdiction pursuant to 28 USC 2255.

vi.

## Statement of the Issues

1.      Whether petitioner is procedurally barred from review of the issues presented in this petition;

2.      Whether new law is applicable to this case and this proceeding;

3.      Whether post-sentencing rehabilitation evidence may be considered by the Court to warrant a downward departure, through a 2255 petition;

## Statement of the Facts

In addition to the Summary of the Case, the following facts
are relevant to this case and this proceeding:

1.      On November 1, 2007, the U.S. Sentencing Commission
        amended the Guidelines, and made particular
        provisions retroactive on December 11, 2007 (See
        Argument 1), effectively lowering the applicable
        sentencing range for crack.


2.      Misc. court opinions have been decided (which are
        applicable to this case) in 2006 and 2007.


3.      Petitioner has actively participated in
        rehabilitation programs, provided by the F.B.O.P.,
        decreasing the risk of recidivism.

## Summary of the Argument

1.      Petitioner is not procedurally barred from review of the issues presented in this petition.

2.      New laws and rules are applicable to this proceeding and to this case.

3.      Post sentencing rehabilitation is relevant for purposes of granting a downward departure, and such issue may presented in a 2255 petition such as the instant one.

03.

## Standards of Review

1.          Petitioner is not procedurally barred from review
            of the issues presented in this petition

            USSG Amendment 706 as amended by 711

            Davis v. U.S. (1974)
            417 US 373, 94 S.Ct. 2298, 41 L.Ed.2d 109


            5 Am.Jur.2d, appellate review, § 822


            Dodd v. U.S. (2005)
            545 US 353, 162 L.Ed.2d 343, 125 S.Ct. 2478



2.          Recent case law is applicable to this case and
            to this proceeding.

            Rita v. U.S. (2007)
            551 US ___, 127 S.Ct. 2456, 168 L.Ed.2d 203

            Kimbrough v. U.S. (2007)
            552 US ___, 128 S.Ct. ___, 169 L.Ed.2d. 481

            Gall v. U.S. (2007)
            552 US ___, 128 S.Ct. ___, 169 L.Ed.2d 445

            Cunningham v. California (2007)
            549 US ___, 127 S.Ct. ___, 166 L.Ed.2d 856



3.          Post sentencing rehabilitation may be submitted
            through a 2255 oetition and the sentencing court
            may grant a downward departure for that reason.

            U.S. v. Ngatia (7th Cir. 2007)
            477 F.3d 496

            U.S. v. Core (2nd CIr. 1997)
            125 F.3d 74

04.

## Argument 1

### Issue

Retroactive Amendments to the U.S. Sentencing Guidelines are
applicable to this case and proceeding and should be allowed
for review through this 2255 petition (Combined with other
grounds mentioned herein)

### Standard

U.S.S.G. Amendment 706, amended by 711

### Narrative

Petitioner understands that he could have presented this
issue through a motion pursuant to 18 USC 3582(c)(2), but,
considering the other issues mentioned in this petition, he
thought it to be more efficient to present this issue in the
instant petition, so that this Court has all issues in only
one petition, instead of several, thus increasing efficiency.

On November 1, 2007, the U.S. Sentencing Guidelines were
amended to the extent that they effectively lowered the base
offense level for crack with two points (in this case.

The sentence imposed was calculated as follows:

Base offense level: 36.
Acceptance of Responsibility: -3
Net level: 33
Category: II

level 33 @ cat II is 151-188 months

On a side note:

Based on the indictment, the base offense level should have been only 32 (not 36), which, after 3-point deduction for acceptance of responsibility, would leave a base level of 29, whereby the category would be II, thus only authorizing a sentence of 97-121 months.

The new changes in the U.S. Sentencing Guidelines effectively lowered the offense level with 2 points, leaving an offense level of 34, which, after 3-point deduction for plea, leaves a net base offense level of 31.

Thus, the recalculation based on the previously imposed sentence would bring a range of 121-151 months.

(Based only on the indictment, the level should be 27, which would produce a range of 78-97 months)

Thus, purely on these grounds alone, a resentencing would be warranted.

06.

Some issues in this petition are not specifically held to be retroactively applicable. at the same time, they have not been foreclosed from such applicacion.

There are several reasons why a case may be reconsidered through review of a 2255 petitiop:

See 5 Am.Jur.2d, appellate review, § 822:

> "A case may be remanded for reconsideration in light of an intervening appellate court decision, such as a decision of the U.S. Supreme Court or in light of an interevening decision of a state appellate court, such as the Supreme Court of the State. In this regard, where the controlling precedent has been overturned and formal recognition has been given to a cause of action that may be applicable to the case, remand in the interest of justice is appropriate."

See Davis v. U.S. (1974)
   417 US 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109:

(To determine whether a change in the substantive law is to be applied retroactively, "the appropriate inquiry [is] whether the claimed error of law was a 'fundamental defect which inherently results in a complete miscarriage of justice'")

The time to avert the new right or rule is within one year after it passes:

See Dodd v. U.S. (2005)
   545 US 353, 162 1.Ed.2d 343, 125 S.Ct. 2475

(One year limitation period for federal prisoner's motion for relief from sentence under 28 USC 2255 on basis of newly recognized right [or law or rule] begins when right recognized, rather than when right is made retroactive).

## Argument 2

## Issue

Recent case law is applicable to this case and to this proceeding.

## Standard

**Rita v. U.S.** (2007)
551 US ___,127 S.Ct. 2456, 168 L.Ed.2d 203

**Kimbrough v. U.S.** (2007)
552 US ___, 128 S.Ct. ___, 169 L.Ed.2d 481

**Gall v. U.S.** (2007)
552 US ___, 128 S.Ct. ___, 169 L.Ed.2d 481

**Cunningham v. California** (2007)
549 US ___, 127 S.Ct. ___, 166 L.Ed.2d 856

## Narrative

It is clear that a judge has to impose a sentence with consideration of the sentencing factors set out under 18 USC 3553(a), and take the U.S. Sentencing Guidelines as advisory.

In making such determination, the sentencing judge may take into consideration the disparity between crack and cocaine.

"Held:
1. Under <u>United States v. Booker</u>, 543 US 220, the
cocaine Guidelines, like all other Guidelines,
are advisory only, and the Fourth Circuit erred
in holding the crack/powder disparity effectively
mandatory. A district judge must include the
Guidelines range in the array of factors
warranting consideration, but the judge may
determine that, in the particular case, a
within-Guidelines sentence is "greater than
necessary" to serve the objectives of wentencing,
§ 3553(a). In making that determination, the judge
may consider the disparity between the Guidelines'
treatment of crach and powder offenses.
(a) Crack and powder cocaine have the same
physiological and psychotropic effects, but are
handled very differently for sentencing purposes.
The relevant statutes and Guidelines employ a
100-to-1 ratio that yields sentences for crack
offenses three to six times longer than those for
offenses involving equal amounts of powder. THus,
a major supplier of powder may receive a shorter
sentence that a low-level dealer who buys powder
and converts it to crack."

<u>Id</u>., <u>Kimbrough v. U.S.</u> (2007)
        552 US ___, 128 S.Ct. ___, 169 L.Ed.2d 481


"... But, indetermining that 15 years was the
appropriate prison term, the District Court
properly homed in on the particular circumstances
of Kimbrough's case and accorded weight to the
Sentencing Commission's consistent and emphatic
position that the crack/powder disparity is at
odds with § 3553(a)."

<u>Id</u>., <u>Kimbrough</u>, supra


In the instant case, the charged offense involves 50 grams

or more of crack cocaine, which carrier a mandatory minimum

sentence of 10 years imprisonment.


The Sentencing Commission has consistently held that the

disparity between crack and powder is at odds with 18 USC

3553(a), as the Supreme COurt properly noted.

By extension, this would mean that 21 USC 841(b)(1)(B) is also at odds with 18 USC 3553(a), because the disparity between crack and powder is mentioned there as well, in a ration of 100-to-1.

Note: Although Kimbrough, supra, does not specifically state that the sentencing judge may go below the mandatory minimum for crack (if it involves crack), it follows that a judge should be allowed to do just that: if crack and powder are about the same, then they should be treated the same, meaning that crack should be allowed to be treated as powder.

Until the Kimbrough case, such discretion was not specifically in existence: most judges, who imposed lower sentences that the applicable Guidelines range because of disagreement with the disparity, were mostly subjected to have to impose a new sentence after remand from appeal, because the Department of Justice would appeal the downward departure and usually win on appeal.

In this case, considering the recent Kimbrough decision, the Court has discretion to go below the mandatory minimum of 10 years.

Please note that 50 grams of powder cocaine does not have a mandatory minimum.

The standard of review of a sentence should be for reasonableness, since Rita v. U.S., 551 US ___, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

The argument can be made that, if the disparity between crack and cocaine is ad odds with 18 USC 3553(a), because such a sentence would be "more than necessary", then it stands to reason that a sentence upholding such a disparity would be unreasonable.

In the instant case, the mandatory minimum for 50 grams of crack is 10 years imprisonment while the mandatory minimum for powder is zero (so to speak). The median in that case is 5 years.

It could be argued that a sentence of 5 years would be reasonable, partly deleting the disparity, and partly leaving it intact, thus a good compromise.

The relevant statutory maximum is defined as the top of the guidelines for the charged offense. See Cunningham v. California (2007) 549 US ___, 127 S.Ct. ___, 166 L.Ed.2d 856.

If one would take the range for 50 grams of powder (ignoring the disparity), the range would be 24-30 months (not counting a 3-point deduction for plea, which would be thus level 13 at cat II produces a range of 15-21 months).

## Argument 3

### Issue

Post -sentencing rehabilitation may be submitted through a 2255 petition and the sentencing court may grant a downward departure for that reason.

### Standard

U.S. v. Ngatia (7th Cir. 2007)
477 F.3d 496 (headnote 6) and at 502

U.S. v. Core (2nd Cir. 1997)
125 F.3d 74

U.S. v. Haran (8th Cir. 2001)
245 F.3d 682

U.S. v. Pickering (11th Cir. 1999)
178 F.3d 1168

### Narrative

Petitioner is aware that, generally speaking, post sentencing rehabilitation may be presented to the Court through a motion pursuant to USSG § 5K2.0.

Nevertheless, for purposes of efficiency, petitioner decided to integrate that issue in this 2255 petition, so that the Court only has to consider one petition, instead of several. Thus, it serves the purpose of efficiency.

Indeed, a sentencing court may consider a downward departure for post sentencing rehabilitation, even when such request is presented to the Court via a 2255 petition.

> "Defendant's 84-month sentence for importing heroin into the united States, which was below advisory sentencing guidelines range of 188 -235 months, was not unreasonably lenient; although defendant coordinates the drug smuggling, district court noted defendant's rehabilitation efforts, as evidenced by her certificates of achievement while incarcerated, her shame, and her good character, to which her family and friends attested; court observed that defendant's incarceration did not incapacitate the drug smuggling organization, and defendant's almost certain deportation following her release could incapacitate her from future drug smuggling into United States." ..... "... the district court's findings support the below-range sentence, resulting in a reasonable sentence. The Court did not err." Id at 502.

Id., U.S. v. Ngatia (7th Cir. 2007)
      477 F.3d 496 (headnote 6 and at 502)

One of the ways rehabilitation can be shown, is through certificates of achievement (while incarcerated), based on the premise that rehabilitative education prevents recidivism, whereby this petition is a proper vehicle:

See U.S. v. Core (2nd Cir. 1997)
      125 F.3d 74

(District court erroneously believed that Sentencing Guidelines barred consideration of section 2255 movant's postconviction rehabilitation in prison as basis for downward departure).

Petitioner has enclosed evidence of his rehabilitative efforts in Appendix B, and is requesting a downward departure on that basis.

Petitioner further wants to revisit the issue as related to a petition under 18 USC 3582(c)(2):

Recently, many attorneys have sent inmates forms for the recent crack amendments, etc. telling them to file the petition under 18 USC 3582(c)(2), and to include evidence of their BOP rehabilitative efforts. Yet, petitioner research this issue and did not find support for such a supposition. Petitioner actually found authority to the contrary, showing that a petition under 18 USC 3582(c)(2) is <u>not</u> suitable for a 5K2.0 petition:

See <u>U.S. v. Hasan</u> (8th Cir. 2001)
    <u>245 F.3d 682</u>

(District court did not have authority to grant a downward departure based on extraordinary post sentencing rehabilitation under § 5K2.0 at resentencing pursuant to 18 USC 18 USC 3582(c)(2))

Downward departure for rehabilitation generally i applied toward the criminal history (i.e. decrease in criminal history points). This is called the horizontal axis decrease.

See <u>U.S. v. Pickering</u> (11th Cir. 1994)
     <u>178 F.3d 1168</u>

(Any downward departure for post offense rehabilitation must occur along horizontal axis of sentencing table, giving that goals of incapacitation and rehabilitation are associated with horizontal axis, and thus court abused its discretion in departing downward along offense level; vertical axis of sentencing table in order to give defendant sentence of zero months imprisonment, court was permitted to depart only by reducing his criminal history category II to I.)

In the instant case, a downward departure from category II to category I would be appropriate on basis of the rehabilitation efforts of petitioner, as evidenced in Appendix B.

### Conclusions, relief requested

Petitioner has submitted sufficient grounds to warrant a vacatur of sentence and a new sentence which would be substantially lower than the one currently imposed.

Petitioner is requesting that this COurt vacate the sentence, and impose a new sentence (substantially lower that the current one), whereby the Court may impose a sentence of less than 10 years, as outlined in this brief.

Petitioner further requests any and all other relief deemed applicable by this Court.

REspectfully submitted,

This _11_ day of _MARCH_ , 2008,

Bernard Livingston
Fed Reg # 09997-067
FCC Beaumont Medium
PO Box 26040
Beaumont, TX 77720

<u>Certificate of Service</u>

Petitioner herewith certifies, pursuant to 28 USC 1746, that he caused to be sent, via the Beaumont Prison mailing system, by pre paid first class mail, the foregoing, as follows:

Mailed on:

The _11_ day of _March_ , 2008,

Mailed to:

U.S. District Court
Middle District of Pennsylvania
PO Box 983
Harrisburg, PA 17108-0893

1 original
and
2 copies

_Lbennod_
Bernard Livingston
09997-067
FCC Beaumont Medium
PO Box 26040
Beaumont, TX 77720



Bernard Livingston
09997-067
Fed Corr Complex
Beaumont Medium

PO Box 26040
Beaumont, TX 77720

U.S. District Court
Middle District of
Pennsylvania

PO Box 983
Harrisburg, PA 17108

17108