```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,       :
         Plaintiff
                                :

         vs.                    :  CRIMINAL NO.  1:CR-00-23-03
                                   CIVIL NO.     1:CV-08-542
                                :
LIVINGSTON BERNARD,
         Defendant              :
```

*M E M O R A N D U M*

Defendant, Livingston Bernard, has filed a pro se motion under 28 U.S.C. § 2255 to vacate his sentence. He mistakenly asserts this is his first 2255 motion, but because this is in fact his second such motion and he did not obtain the permission of the Third Circuit to file it, we lack jurisdiction to adjudicate it.

Defendant was indicted in January 2000, pled guilty to conspiracy to distribute crack cocaine, and was sentenced on January 3, 2001, to 151 months' imprisonment. He took no direct appeal. He filed his first 2255 motion on February 10, 2004, employing a form 2255 motion. On May 12, 2004, we dismissed the motion as untimely. Defendant did not appeal that decision.

Defendant filed his current 2255 motion on March 18, 2008. It raises the following claims. First, Defendant is entitled to a reduction in his sentence under Amendment 706 to the sentencing guidelines. Generally, that amendment reduced the

base offense level for crack-cocaine offenses by two levels and applies to sentences imposed before it became effective. *See* U.S.S.G. § 1B1.10(a)(1) and (c).[1] Second, Defendant is entitled to the retroactive application of *Rita v. United States*, ___ U.S. ___, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); *Gall v. United States,* ___ U.S. ___, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *Kimbrough v. United States,* ___ U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007); and *Cunningham v. California*, ___ U.S. ___, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007). Third, Defendant is entitled to a reduction in his sentence for postsentencing rehabilitation.

A gatekeeping provision in section 2255 requires the defendant to seek the permission of the court of appeals before filing a second or successive 2255 motion. 28 U.S.C. § 2255 ¶ 8. We lack jurisdiction to consider a second 2255 motion unless the Third Circuit has first approved its filing. *See Okereke v. United States*, 307 F.3d 117, 121 (3d Cir. 2002); *Adams v. Schultz*, 237 Fed. Appx. 739, 741 n.2 (3d Cir. 2007)(per curiam)(nonprecedential). *See also Burton v. Stewart*, ___ U.S. ___, 127 S.Ct. 793, 799, 166 L.Ed.2d 628 (2007)(district court lacked jurisdiction over second petition under 28 U.S.C. § 2254

---

[1] Defendant recognizes that this issue should have been presented in a motion under 18 U.S.C. § 3582(c)(2), but thought that judicial efficiency would be served by presenting all claims in one motion.

when the petitioner had not obtained the permission of the court of appeals to file it).

Even though a 2255 motion may be dismissed as untimely, it still counts as a 2255 motion for the purpose of applying this gatekeeping requirement. *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003); *see also Nash v. Beard*, No. 06-1923, 2006 WL 2988941, at *2 (M.D. Pa. Oct. 17, 2006)(2254 petition); *Wilson v. York County Common Pleas Court*, No. 04-2512, 2005 WL 1229719, at *3 (M.D. Pa. May 24, 2005)(2254 petition); *Scott v. Klem*, No. 05-1337, 2005 WL 1653165, at *2 (M.D. Pa. July 12, 2005)(2254 petition). *Accord Clark v. Sneizek*, ___ Fed. Appx. ___, ___, 2008 WL 501480, at *1 (3d Cir. 2008)(per curiam) (nonprecedential) (petition under 28 U.S.C. § 2241 was unavailable after a 2255 motion had been denied as untimely; the defendant had to seek the permission of the court of appeals to file a second 2255 motion); *Kennedy v. Miner*, 228 Fed. Appx. 137, 138-39 (3d Cir. 2007)(per curiam) (nonprecedential)("The fact that Kennedy previously filed a § 2255 motion that was denied as untimely, and thus faces the strict gatekeeping requirements that apply to second or successive § 2255 motions, does not serve to make § 2255 inadequate or ineffective" so as to allow the filing of a 2241 petition). It follows that Defendant's current 2255 motion is his second one, and we will dismiss it for lack of jurisdiction.

3

Defendant is advised he is free to seek the approval of the court of appeals to file it if he wishes to proceed with his claims.[2]

    We will issue an appropriate order.

                                              /s/William W. Caldwell
                                              William W. Caldwell
                                              United States District Judge

Date: April 3, 2008

---

[2] We note as to Defendant's first claim that we treated a letter he had written which also mentioned the claim as a motion under 18 U.S.C. § 3582(c)(2) and appointed the Federal Public Defender to represent him on that motion. Hence, consideration of that claim will proceed even though we dismiss the 2255 motion.

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,     :
     Plaintiff
                              :

     vs.                      :  CRIMINAL NO.  1:CR-00-23-03
                                 CIVIL NO.     1:CV-08-542
                              :
LIVINGSTON BERNARD,
     Defendant                :
```

*O R D E R*

AND NOW, this 3rd day of April, 2008, it is ordered that:

    1. The second motion (doc. 134) of defendant, Livingston Bernard, under 28 U.S.C. § 2255, filed March 18, 2008, is dismissed for lack of jurisdiction.

    2. A certificate of appealability is denied.

    3. The Clerk of Court shall close this file.


                                                <u>/s/William W. Caldwell</u>
                                                William W. Caldwell
                                                United States District Judge